UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
NO.: 12-cv-11171

| | |
|---|---|
| MATTHEW GIORGIO and COLIN TRAVER, </br></br>Plaintiffs, </br>v. </br></br>HAROLD W. CLARKE; MICHAEL THOMPSON; DUANE MACEACHEARN; GARY RODEN; LISA JACKSON and STEVEN DUXBURY </br></br>Defendants. | AMENDED COMPLAINT </br></br>PLAINTIFFS CLAIMS TRIAL BY JURY |

General Allegations

1. The plaintiff Matthew Giorgio is an individual with a place of residence in North Attleboro, Bristol County, Commonwealth of Massachusetts. The plaintiff is a Native American who was incarcerated in the Commonwealth of Massachusetts during the years 2007, 2008, 2009 and was released in March 2010.

2. The plaintiff Colin Traver is an individual with a place of residence in the State of Connecticut. The plaintiff is a Native American who was incarcerated in the Commonwealth of Massachusetts during the years 2007, 2008, 2009 and was released in July 2010.

3. The defendant Howard W. Clarke was at the time alleged in the instant Complaint the Commissioner of the Massachusetts Department of Corrections. The instant causes of

action are brought against him individually for the knowing and intentional acts or the deliberate disregard of the plaintiffs' right to exercise their right to freedom of worship as guaranteed by the First and Fourteenth Amendments to the Constitution of the United States. It is specifically alleged that the defendant did so act while the plaintiffs were incarcerated and thus was acting under color of law.

4. The defendant Michael Thompson was at the time alleged in the instant Complaint the Superintendant of the Pondville Correctional Center. The instant causes of action are brought against him individually for the knowing and intentional acts or the deliberate disregard of the plaintiffs' right to exercise their right to freedom of worship as guaranteed by the First and Fourteenth Amendments to the Constitution of the United States. It is specifically alleged that the defendant did so act while the plaintiffs were incarcerated and thus was acting under color of law.

5. The defendant Duane MacEachern was at the time alleged in the instant Complaint the Superintendant of the Massachusetts Correction Institution at Shirley. The instant causes of action are brought against him individually for the knowing and intentional acts or the deliberate disregard of the plaintiffs' right to exercise their right to freedom of worship as guaranteed by the First and Fourteenth Amendments to the Constitution of the United States. It is specifically alleged that the defendant did so act while the plaintiffs were incarcerated and thus was acting under color of law.

6. The defendant Gary Roden was at the time alleged in the instant Complaint the Superintendant of the Massachusetts Correction Institution at Norfolk. The instant causes of action are brought against him individually for the knowing and intentional acts or the deliberate disregard of the plaintiffs' right to exercise their right to freedom of worship as guaranteed by the First and Fourteenth Amendments to the Constitution of the United States. It is specifically alleged that the defendant did so act while the plaintiffs were incarcerated and thus was acting under color of law.

7. The defendant Lisa Jackson was at the time alleged in the instant Complaint the Deputy Superintendant at the Pondville Correctional Center. The instant causes of action are brought against him individually for the knowing and intentional acts or the deliberate disregard of the plaintiffs' right to exercise their right to freedom of worship as guaranteed by the First and Fourteenth Amendments to the Constitution of the United States. It is specifically alleged that the defendant did so act while the plaintiffs were incarcerated and thus was acting under color of law.

8. The defendant Steven Duxbury was at the time alleged in the instant Complaint the Director of Classification at the Pondville Correctional Center. The instant causes of action are brought against him individually for the knowing and intentional acts or the deliberate disregard of the plaintiffs' right to exercise their right to freedom of worship as guaranteed by the First and Fourteenth Amendments to the Constitution of the United States. It is specifically alleged that the defendant did so act while the plaintiffs were incarcerated and thus was acting under color of law.

9. The plaintiffs bring the instant cause of action in accordance with 42 U.S.C. § 1983, for the defendants' deliberate and intentional interference with their rights to free exercise of religion as guaranteed by the First and Fourteenth Amendments to the Constitution of the United States.

10. The plaintiffs also bring the instant cause of action alleging that, the defendants in denying them their right to worship in accordance with specific Native American religious ceremonies, violated the Religious Land Use and Institutionalized Persons Act, (RLUIPA), 42 U.S.C. § 2000cc.

Factual Allegations

1. The plaintiffs Matthew Giorgio and Colin Traver are Native Americans who were incarcerated at various correctional institutions in the Commonwealth of Massachusetts during the years 2007, 2008, 2009 and 2010. Mr. Giorgio was released from custody in March 2010; and Mr. Tarver was released from custody in July, 2010.

2. Mr. Giorgio and Mr. Traver did prior to these respective incarcerations in Massachusetts, practice Native American religious rites and ceremonies.

3.  These rituals and ceremonies included, but were not limited to, sweat lodge ceremonies, use of prayer feathers and other artifacts, sage cleansing and smudging ceremonies. That the plaintiffs were denied their rights to participate in the above-described religious ceremonies throughout the periods of their respective incarcerations from 2007, to their respective releases from custody in March, 2010 and July, 2010. Throughout their incarceration the plaintiffs submitted grievances to the defendants protesting the denial of their right to exercise their religious beliefs. Such grievances were submitted throughout the plaintiffs' incarceration and include, but are not limited to;

    a.  July 9, 2009;
    b.  February 1, 2009;
    c.  January 28, 2009;
    d.  January 24, 2009;
    e.  January 31, 2008;
    f.  February 1, 2008;
    g.  November 20, 2007;
    h.  February 6, 2008;
    i.  April 11, 2007.

4.  Throughout their incarceration until their release in 2010, Mr. Giorgio and Mr. Traver were denied their right to exercise their religious ceremonies in accordance with their rights as guaranteed by the First Amendment.

5. That the ceremonies from which the plaintiffs were prohibited from participating were not only essential to their religious beliefs, but were, for the most part, activities which had previously been expressly allowed by the Department of Corrections.

6. That the religious activities from which the plaintiffs were prohibited from participating, were not the subject of any regulation rationally related to any legitimate concerns of rehabilitation, institutional order or security, nor would the accommodation of the plaintiffs' religious practices require any extra supervision, threaten prison security or create perceptions of favoritism.

7. That each of the named defendants did deliberately and intentionally, or did with the reckless disregard of the plaintiffs' well-established rights interfere with and did prohibit the plaintiffs from exercising their right to religious worship and freedom.

8. That on numerous and various dates throughout their incarceration the plaintiffs filed inmate grievance forms at each of the correctional institutions, and the denial of each grievance was duly appealed to each of the named Superintendent of each correctional institution. Thus each defendant was on notice and had full knowledge that the plaintiffs were being denied their well-established constitutional rights and either took affirmative steps to so deny the plaintiffs these rights or with a reckless disregard of the plaintiff's rights failed to take any remedial action.

9. That as a direct and proximate result of the above-described actions of each of the named defendants the plaintiffs were deprived of their right to worship, and suffered mental and emotional distress.

Count I    <u>The Plaintiff Matthew Giorgio's Cause of Action Against The Defendant Harold W. Clarke For Denial of His Constitutional Rights and the RLUIPA</u>

1. The plaintiff Matthew Giorgio repeats the allegations contained in paragraphs one, three, nine and ten of the General Allegations and one through nine of the Factual Allegations.

2. That the defendant had knowledge that the plaintiff was being deprived of his constitutional rights and failed to exercise any effort to prevent this misconduct. Rather the defendant implemented and enforced a policy designed to deny Native Americans of their right to worship.

Wherefore the plaintiff Matthew Giorgio demands judgment against the defendant Harold W. Clarke in any amount as the evidence might prove at trial, plus interest, attorneys fess, and punitive damages.

Count II   <u>The Plaintiff Matthew Giorgio's Cause of Action Against The Defendant Michael Thompson For Denial of His Constitutional Rights and the RLUIPA</u>

7

1.  The plaintiff Matthew Giorgio repeats the allegations contained in paragraphs one, four, nine and ten of the General Allegations and one through nine of the Factual Allegations.

2.  That the defendant had knowledge that the plaintiff was being deprived of his constitutional rights and failed to exercise any effort to prevent this misconduct. Rather the defendant implemented and enforced a policy designed to deny Native Americans of their right to worship.

Wherefore the plaintiff Matthew Giorgio demands judgment against the defendant Michael Thompson in any amount as the evidence might prove at trial, plus interest, attorneys fess, and punitive damages.

Count III    <u>The Plaintiff Matthew Giorgio's Cause of Action Against The Defendant Duane MacEachearn For Denial of His Constitutional Rights and the RLUIPA</u>

1.  The plaintiff Matthew Giorgio repeats the allegations contained in paragraphs one, five, nine and ten of the General Allegations and one through nine of the Factual Allegations.

2.  That the defendant had knowledge that the plaintiff was being deprived of his constitutional rights and failed to exercise any effort to prevent this misconduct. Rather the defendant implemented and enforced a policy designed to deny Native Americans of their right to worship.

Wherefore the plaintiff Matthew Giorgio demands judgment against the defendant Duane MacEachearn in any amount as the evidence might prove at trial, plus interest, attorneys fess, and punitive damages.

Count IV	The Plaintiff Matthew Giorgio's Cause of Action Against The Defendant Gary Roden For Denial of His Constitutional Rights and the RLUIPA

1. The plaintiff Matthew Giorgio repeats the allegations contained in paragraphs one, six, nine and ten of the General Allegations and one through nine of the Factual Allegations.

2. That the defendant had knowledge that the plaintiff was being deprived of his constitutional rights and failed to exercise any effort to prevent this misconduct. Rather the defendant implemented and enforced a policy designed to deny Native Americans of their right to worship.

Wherefore the plaintiff Matthew Giorgio demands judgment against the defendant Gary Roden in any amount as the evidence might prove at trial, plus interest, attorneys fess, and punitive damages.

Count V	The Plaintiff Matthew Giorgio's Cause of Action Against The Defendant Lisa Jackson For Denial of His Constitutional Rights and the RLUIPA

1. The plaintiff Matthew Giorgio repeats the allegations contained in paragraphs one, seven, nine and ten of the General Allegations and one through nine of the Factual Allegations.

2. That on or about July 9, 2009, the plaintiff brought a grievance against Lisa Jackson and Steven Duxbury for the wrongful interference with his right to worship. This grievance was approved on July 21, 2009, but contrary to the ruling of the grievance the defendant Lisa Jackson failed or refused to return the indentified religious artifacts to the plaintiff.

3. That the defendant continued to interfere with the plaintiff's right to worship throughout his incarceration at Pondville.

Wherefore the plaintiff Matthew Giorgio demands judgment against the defendant Lisa Jackson in any amount as the evidence might prove at trial, plus interest, attorneys fess, and punitive damages.

Count VI    The Plaintiff Matthew Giorgio's Cause of Action Against The Defendant Steven Duxbury For Denial of His Constitutional Rights and the RLUIPA

1. The plaintiff Matthew Giorgio repeats the allegations contained in paragraphs one, eight, nine and ten of the General Allegations and one through nine of the Factual Allegations.

2. That on or about July 9, 2009, the plaintiff brought a grievance against Lisa Jackson and Steven Duxbury for the wrongful interference with his right to worship. This grievance was approved on July 21, 2009, but contrary to the ruling of the grievance the defendant Steven Duxbury failed or refused to return the indentified religious artifacts to the plaintiff.

3. That the defendant continued to interfere with the plaintiff's right to worship throughout his incarceration at Pondville.

Wherefore the plaintiff Matthew Giorgio demands judgment against the defendant Steven Duxbury in any amount as the evidence might prove at trial, plus interest, attorneys fess, and punitive damages.

Count VII   The Plaintiff Colin Traver's Cause of Action Against The Defendant Harold W. Clarke For Denial of His Constitutional Rights and the RLUIPA

1. The plaintiff Colin Traver repeats the allegations contained in paragraphs two, three, nine and ten of the General Allegations and one through nine of the Factual Allegations.

2. That the defendant had knowledge that the plaintiff was being deprived of his constitutional rights and failed to exercise any effort to prevent this misconduct.

Rather the defendant implemented and enforced a policy designed to deny Native Americans of their right to worship.

Wherefore the plaintiff Colin Traver demands judgment against the defendant Harold W. Clarke in any amount as the evidence might prove at trial, plus interest, attorneys fess, and punitive damages.

Count VIII	The Plaintiff Colin Traver's Cause of Action Against The Defendant Michael Thompson For Denial of His Constitutional Rights and the RLUIPA

1. The plaintiff Colin Traver repeats the allegations contained in paragraphs two, four, nine and ten of the General Allegations and one through nine of the Factual Allegations.

2. That the defendant had knowledge that the plaintiff was being deprived of his constitutional rights and failed to exercise any effort to prevent this misconduct. Rather the defendant implemented and enforced a policy designed to deny Native Americans of their right to worship.

Wherefore the plaintiff Colin Traver demands judgment against the defendant Michael Thompson in any amount as the evidence might prove at trial, plus interest, attorneys fess, and punitive damages.

Count IX  The Plaintiff Colin Traver's Cause of Action Against The Defendant Duane MacEachearn For Denial of His Constitutional Rights and the RLUIPA

1. The plaintiff Colin Traver repeats the allegations contained in paragraphs two, five, nine and ten of the General Allegations and one through nine of the Factual Allegations.

2. That the defendant had knowledge that the plaintiff was being deprived of his constitutional rights and failed to exercise any effort to prevent this misconduct. Rather the defendant implemented and enforced a policy designed to deny Native Americans of their right to worship.

Wherefore the plaintiff Colin Traver demands judgment against the defendant Duane MacEachearn in any amount as the evidence might prove at trial, plus interest, attorneys fess, and punitive damages.

Count X  The Plaintiff Colin Traver's Cause of Action Against The Defendant Gary Roden For Denial of His Constitutional Rights and the RLUIPA

1. The plaintiff Colin Traver repeats the allegations contained in paragraphs two, six, nine and ten of the General Allegations and one through nine of the Factual Allegations.

    2.    That the defendant had knowledge that the plaintiff was being deprived of his constitutional rights and failed to exercise any effort to prevent this misconduct. Rather the defendant implemented and enforced a policy designed to deny Native Americans of their right to worship.

Wherefore the plaintiff Colin Traver demands judgment against the defendant Gary Roden in any amount as the evidence might prove at trial, plus interest, attorneys fess, and punitive damages.

Count XI    <u>The Plaintiff Colin Traver's Cause of Action Against The Defendant Lisa Jackson For Denial of His Constitutional Rights and the RLUIPA</u>

    1.    The plaintiff Colin Traver repeats the allegations contained in paragraphs two, seven, nine and ten of the General Allegations and one through nine of the Factual Allegations.

    2.    That on or about July 9, 2009, the plaintiff brought a grievance against Lisa Jackson and Steven Duxbury for the wrongful interference with his right to worship. This grievance was approved on July 21, 2009, but contrary to the ruling of the grievance the defendant Lisa Jackson failed or refused to return the indentified religious artifacts to the plaintiff.

    3.    That the defendant continued to interfere with the plaintiff's right to worship throughout his incarceration at Pondville.

Wherefore the plaintiff Colin Traver demands judgment against the defendant Lisa Jackson in any amount as the evidence might prove at trial, plus interest, attorneys fess, and punitive damages.

Count XII    The Plaintiff Colin Traver's Cause of Action Against The Defendant Steven Duxbury For Denial of His Constitutional Rights and the RLUIPA

1. The plaintiff Colin Traver repeats the allegations contained in paragraphs two, eight, nine and ten of the General Allegations and one through nine of the Factual Allegations.

2. That on or about July 9, 2009, the plaintiff brought a grievance against Lisa Jackson and Steven Duxbury for the wrongful interference with his right to worship. This grievance was approved on July 21, 2009, but contrary to the ruling of the grievance the defendant Steven Duxbury failed or refused to return the indentified religious artifacts to the plaintiff.

3. That the defendant continued to interfere with the plaintiff's right to worship throughout his incarceration at Pondville.

Wherefore the plaintiff Colin Traver demands judgment against the defendant Steven Duxbury in any amount as the evidence might prove at trial, plus interest, attorneys fess, and punitive damages.

Respectfully Submitted,
The Plaintiffs,
By Their Attorney,


/s/Edward J. McCormick, III
Edward J. McCormick, III
McCormick & Maitland
Suite Six – Hayward Manor
195 Main Street
Franklin, MA  02038
(508) 520-0333
BBO #329780