UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO.: 12-cv-11171

MATTHEW GIORGIO and )
COLIN TRAVER, )
                               )
                     Plaintiffs, )
v.                         )
                               )  Joint Pre-Trial Memorandum
STEVEN DUXBURY         )
                               )
                   Defendants. )

In accordance with the Court Order of May 1, 2015, the parties submit the instant Joint Pre-Trial Memorandum.

A.      <u>Summary of the Evidence</u>

<u>Summary of Plaintiffs' Evidence</u>

At trial the plaintiffs, both Native Americans, will offer evidence that will establish that in 2009 they were inmates at the Massachusetts Correctional Institute Pondville. While so incarcerated the plaintiffs were denied their right to engage in Native American religious ceremonies. More specially, the plaintiffs were denied the use of ritual smudging ceremonies.

On July 9, 2009, both the plaintiffs filed a grievance based on the above-described denials.

On July 21, 2009, the plaintiffs' grievance was approved and they were informed that the smudging materials would be available to them in three weeks.

The smudging materials were never furnished to the plaintiffs, and they were denied this right, which is a daily ritual, for the remainder of their incarceration.

The plaintiffs' claim compensatory damages for each day they were denied their right to worship, plus interests, punitive damages, and attorneys fees.

Summary of Defendant's Evidence

Defendant anticipates that the evidence presented will show that in response to the July 9, 2009 grievances filed by inmates Matthew Giorgio and Colin Traver, the two inmates were provided with access to smudging materials at Pondville Correctional Center ("PCC"). On July 21, 2009, the Institutional Grievance Coordinator allowed plaintiffs' grievances with respect to their access to smudging materials.

On July 29, 2009, PCC Director of Treatment, Steven Duxbury ordered a smudge pot, sweet grass braid, and a smudging refill kit from the Department of Correction's vendor, Keefe Commissary. The smudging materials were received by PCC on August 4, 2009 and were maintained in a cabinet in the Director of Treatment's office. An area across the parking lot from the entrance to PCC was designated as the location for plaintiffs to engage in the smudging ceremonies. Upon request by plaintiffs, arrangements would have been made for plaintiffs to have access to the smudging materials and a lighter at designated times. However, plaintiffs never arranged with PCC staff to conduct any smudging ceremonies at PCC at any time subsequent to PCC's possession of the smudging materials. Nor, during the period of time from August, 2009 until they left PCC, did plaintiffs file any grievances regarding the lack of access to smudging materials or send any letters to Superintendent Thompson, Deputy Superintendent Jackson or Director of Treatment Duxbury advising them of their lack of access to the smudging materials approved through their July 9, 2009 grievances.

Plaintiffs are unable to state a claim under the First Amendment for a violation of their rights by defendant Steven Duxbury in his official or individual capacities.

B. Statement of Established Facts

1. That the plaintiff Matthew Giorgio is a Native American who was incarcerated at the Pondville Correctional Center from May 21, 2009, to March 16, 2010.

2. That the plaintiff Colin Traver is a Native American who was incarcerated at the Pondville Correctional Center from May 12, 2009, to December 21, 2009.

3. That the defendant Steven Duxbury was an employee of the Department of Correction and served as the Pondville Correctional Center Director of Treatment and Programs from September, 1997, through March 2010.

4. That on or about June 12, 2009, Mr. Giorgio wrote a letter to Director Duxbury, by which he requested smudging materials.

5. That on or about June 28, 2009, Mr. Giorgio wrote a letter to Director Duxbury.

6. That on or about July 9, 2009, Mr. Giorgio filed a formal inmate grievance requesting the return of prayer feathers, access to smudging items, and permission to attend a pow-wow outside of the Pondville Correctional Center.

7. That on or about July 9, 2009, Mr. Traver filed a formal inmate grievance requesting the return of prayer feathers, access to smudging items, and permission to attend a pow-wow outside of the Pondville Correctional Center.

8. That on or about July 21, 2009, the Pondville Correctional Center grievance coordinator David Clary approved Mr. Giorgio's grievance with respect to his request for access to the smudging items.

9. That on or about July 21, 2009, the Pondville Correctional Center grievance coordinator David Clary approved Mr. Traver's grievance with respect to his request for access to the smudging items. Mr. Clary advised Mr. Traver that the smudging supplies had been ordered and would arrive at PCC in three weeks.

10. On or about July 29, 2009, the treasurer of the Pondville Correctional Center, Linda Hightower placed an order with Keefe Commissary Network for one sweet grass braid, one smudging refill kit and one smudging pot/shell. These items were delivered to the Pondville Correctional Center on or about August 4, 2009.

11. That upon receipt of the smudging items Mr. Duxbury placed them in a file cabinet in his office.

C. Contested Issues of Fact

1. The plaintiffs contend that they were never furnished or given access to the smudging materials.

2. The plaintiffs contend that Mr. Traver asked Mr. Duxbury to furnish them with the smudging items, but was told by Mr. Duxbury that he was not going to furnish them with the smudging items and that he as told not to pursue to the issue of smudging any further. Mr. Traver was told by Mr. Duxbury that he would lose his pre-release status, and that Mr. Giorgio would likewise lose his pre-release status if they continued to pursue the smudging request.

3. Defendant contends that he never told plaintiffs that he (defendant) was not going to furnish them with smudging materials or that if they pursued the issue of smudging, he (defendant) would take away their pre-release status.

4. Defendant contends that in addition to submitting the purchase order for the purchase of the smudging supplies for use by plaintiffs at PCC, which arrived at PCC on August 4, 2009, a location for the smudging ceremonies was identified in close proximity to the entrance to PCC so that the smudging ceremonies could take place under the observation of PCC staff.

5. Defendant contends that plaintiffs were obliged to make arrangements with PCC staff to obtain the smudging supplies and lighter in order to conduct the smudging ceremony at a designated time and at the designated location in order to ensure that staff would be available to observe the smudging ceremony for security purposes.

6. Defendant contends that plaintiffs failed to make arrangements with PCC staff to conduct the smudging ceremonies after the smudging supplies were purchased.

7. Defendant contends that during the period of time from August, 2009 until they left PCC, neither plaintiff filed any grievances regarding their lack of access to smudging materials or sent any letters to Superintendent Thompson, Deputy Superintendent Jackson or Director of Treatment Duxbury advising them of their lack of access to the smudging materials obtained by PCC in response to the approval of their July 9, 2009 grievances.

8. That at no time were these smudging items given to either Mr. Giorgio or Mr. Traver.

9. During the period of his incarceration at PCC, Giorgio was employed full-time with a private construction company, Sunset Builders, working from 7:00 a.m. to 3:00 p.m.

10. During the period of his incarceration at PCC, Traver was employed full-time at Office Solutions, a private employer.

D. <u>Jurisdictional Issues</u>

There are not aware of any jurisdictional issues.

E&F. <u>Questions of Law Raised By Pending Motions</u>

Certain questions of law were set forth in the previously filed Joint Pre-Trial Memorandum, but it appears that such issues were addressed by the Court in the ruling on the summary judgment motions.

G. <u>Additional Matters to Aid in Disposition of Action</u>

None.

H. <u>Requests for Amendments To The Pleadings</u>

There are no requests to amend any pleadings.

I. <u>Length of Trial</u>

The parties anticipate a 2-3 day trial.

J. <u>Witness List</u>

<u>Plaintiff's Witness List</u>

1. Matthew Giorgio
   111 Rocky Hill Rd.
   North Smithfield, RI 02896
   Factual Witness

2. Colin Traver
   52 England Rd.
   North Attleboro, MA 02760
   Factual Witness

3. Lisa Jackson

   Department of Corrections
   Factual Witness

4.  Steven Duxbury
   Department of Corrections
   Factual Witness

5.  David M. Clary
   Department of Corrections
   Factual Witness

6.  Michael Thompson
   Department of Corrections
   Factual Witness

7.  Dr. Michael Brown
   Barnstable, MA

Defendants' Witness List

1.  Lisa Jackson
   Department of Corrections
   Factual Witness

2.  Steven Duxbury
   Department of Corrections
   Factual Witness

3.  David M. Clary
   Department of Corrections
   Factual Witness

4.  Christopher Mitchell
   Factual Witness
   DOC Director of Program Services
   50 Maple Street, Suite 3
   Milford, MA 01757
   (508) 422-3416

5.  Linda Hightower
   Department of Correction
   Factual Witness

6. Matthew Giorgio
   111 Rocky Hill Rd.
   North Smithfield, RI 02896
   Factual Witness

7. Colin Traver
   52 England Rd.
   North Attleboro, MA 02760
   Factual Witness

K. Uncontested Exhibits

1. Handwritten Letter June 12, 2009, Mr. Giorgio to Mr. Duxbury;

2. Handwritten Letter June 28, 2009, Mr. Giorgio to Mr. Duxbury;

3. Grievance of Matthew Giorgio July 9, 2009;

4. Grievance of Colin Traver July 9, 2009;

5. Purchase Order To Keefe Commissary July 29, 2009;

6. Check To Keefe Commissary for $17.78 August 4, 2009;

7. Massachusetts Department of Correction Religious Services Handbook;

8. Pertinent Parts of Massachusetts Department of Correction Religious Services Handbook;

9. Letter from Traver To Thompson November 29, 2009.

L. List of Contested Exhibits

1. Disciplinary Report of Colin Traver December 29, 2009;

2. Letter of August 26, 2008 to Matthew Giorgio from Victor Yablonski;

3. Grievance of Colin Traver December 1, 2008;

4. Grievance of Matthew Giorgio dated November 1, 2007;

5. Letter of November 20, 2007, from Mr. Giorgio to Duane MacEachearn;

6. Letter of August 4, 2008, from Matthew Giorgio to Greg McCann;

7. Letter of December 3, 2008, from Greg McCann to Matthew Giorgio;

8. 5 Native American Activities Attendance Sheets;

9. Approved Chaplain Property.

10. 103 C.M.R. 491.00 et seq DOC Grievance Policy.

11. 103 C.M.R. 471.00 et seq. DOC Religious Services Policy

12. Portions of deposition testimony of plaintiffs Mathew Giorgio and Colin Traver.

| | |
|---|---|
| Respectfully Submitted,<br>Defendant, Steven Duxbury,<br>By His Attorney, | Respectfully Submitted,<br>The Plaintiffs,<br>By Their Attorney, |
| /s/ Richard C. McFarland<br>Richard C. McFarland, BBO #542278<br>Legal Division<br>Department of Correction<br>70 Franklin Street, Suite 600<br>Boston, MA 02202<br>(617) 727-3300 ext. 1132 | /s/ Edward J. McCormick, III<br>Edward J. McCormick, III<br>Suite Six, Hayward Manor<br>195 Main Street<br>Franklin, MA 02038<br>(508)520-0333<br>BBO # 329780 |

CERTIFICATE OF SERVICE

I, Edward J. McCormick III, certify that the above document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be served upon any party or counsel of record who is not a registered participant of the Court's ECF system upon notification by the Court of those individuals who will not be served electronically.