UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO.: 12-cv-11171

MATTHEW GIORGIO and )
COLIN TRAVER, )
                              )
            Plaintiffs,       )
v.                            )
                              )   Plaintiffs' Trial Brief
                              )
STEVEN DUXBURY                )
                              )
            Defendant.        )
                              )

Now comes the plaintiffs and respectfully in accordance with this Court's order of May 1, 2015, submit the instant Trial Brief.

I. Motions In Limine

See attached Motion In Limine To Preclude Certain Testimony of Defendant

II. Statement To Be Read To Venire

The plaintiff's both Native Americans have brought the instant cause of action against the defendant, for the wrongful denial of their right to religious worship. The defendants claim that, while they were inmates at the Pondville Correctional Center, they were denied their right to engage in the Native American religious ceremony known as smudging.

III. Proposed Voir Dire of Jury

1. The instant case involves a claim by two individuals who claim they were denied certain Constitutional rights while they were inmates serving sentences in the Massachusetts Correction system. Does the fact, that the plaintiffs were inmates serving sentences, in any way affect or influence you in determining whether they are entitled to the exercise of their Constitutional rights or their entitlement to damages?

2. Would you have any difficulty either finding in favor of a person who is an inmate serving time after a conviction for a crime or awarding that person damages?

3. Both of the plaintiffs are Native Americans, who have brought this action seeking damages for the denial of their rights to worship in accordance with Native American customs. Do these facts, in any way, effect or influence your ability to find for the plaintiffs or award them monetary damages?

4. Does the fact that the defendant is a corrections officer employed by the Commonwealth of Massachusetts in any reflect or influence your ability to fairly determine this case?

5. Do you have any belief or opinion that would in any way affect your ability to award damages for the denial of a person's right to religious worship?

IV. Proposed Jury Instruction

1. Judges of the Facts

You, as jurors, are the judges of the facts. But in determining what actually happened in this case – that is, in reaching your decision as to the facts – it is your sworn duty to follow the law I am now in the process of defining for you.

You must follow all of my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. that is, you must not substitute or follow your own idea or opinion as to what the law is or ought to be. it is you duty to apply the law as I give it to you, regardless of the consequences.

By the same token it is also your duty to base your verdict solely upon the evidence in the case, without prejudice or sympathy.

2. Equal Standing

The case should be considered and decided by you as an acton between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

3. Preponderance of The Evidence

The plaintiff must prove every essential part of its claim(s) by a preponderance of the evidence.

The defendant must prove every essential part of its affirmative defense(s) by a preponderance of the evidence.

The preponderance of the evidence simply means evidence that persuades you that a party's claim is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence regardless of who may have produced them.

If the proof fails to establish any essential part of plaintiff's claim(s) by a preponderance of the evidence, you should find for the defendant.

If the proof fails to establish any essential part of defendant's affirmative defense(s) by a preponderance of the evidence, plaintiff is not precluded from recovery.

4.  Circumstantial v. Direct Evidence

You may consider either direct or circumstantial evidence. "Direct Evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial Evidence" consists of proof of facts or circumstances which give rise to a reasonable inference of the truth of the fact sought to be proved. The law makes no distinction between the weight to be given to either direct or circumstantial evidence.

5.  42 U.S.C. §1983

The plaintiffs' causes of action are brought under a statute of the United States of America, Section 1983 of Title 42 of the United States Code. This federal statute states that:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state… subjects or causes to be subjected… any citizen of the united states or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law… .

6. Impeachment

A witness may be discredited or impeached by contradictory evidence or inconsistent conduct, or by evidence that at other times the witness has made material statements, under oath or otherwise, which are inconsistent with the present testimony of the witness, or by evidence that the general reputation of the witness for truth, honesty or integrity is bad or by specific acts of wrongdoing of the witness.

If you believe that any witness has been impeached or discredited, it is your exclusive province to give the testimony of that witness only such credit as you may think it deserves.

7. Deposition Testimony

Deposition testimony is testimony that was taken under oath before trial and has been preserved in writing. This testimony is entitled to the same consideration that you give any other testimony at this trial.

8.  Money Damages

If you should decide in favor of plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate plaintiff for any of the following elements of damages proven by plaintiff to have resulted from the violation of his rights by defendants:

a) the value of lost earnings and the present cash value of earning capacity reasonably certain to be lost in the future;

b) any personal humiliation or embarrassment suffered by plaintiff;

c) any emotional distress, anxiety, pain and suffering or mental anguish experienced and reasonably certain to be experienced in the future as a result of any violations;

d) any physical pain and suffering induced by the emotional distress experienced as a result of any violation;

The guide for you to follow in determining compensation for emotional distress, pain and suffering, if any, is the enlightened conscience of impartial jurors acting under the sanctity of your oath to compensate the plaintiff with fairness to all parties to this action.

In reaching your decision, you should also consider the nature, extent, and duration of any emotional or physical injuries suffered by plaintiff.

e) the reasonable value of necessary medical care, treatment and services which have been required as a result of the violation of plaintiff's rights and the present cash value of medical expenses reasonably certain to be required in the future;

f) the reasonable value of all necessary non-medical costs which have been incurred as a result of the violation of plaintiff's rights and the present cash value of such non-medical expenses reasonably certain to be required in the future.

Whether any of these damagers have been proven by the evidence is for you to determine. your verdict must be based upon proof and not upon speculation, guess or conjecture.

Further, sympathy or prejudice for or against a party should not affect your verdict and is not a proper basis for determining damages.

9. Punitive Damages

In the event you find that plaintiffs should recover either actual or nominal damages, and if you further find that the acts of defendant were with a wanton disregard of plaintiffs' rights, or reckless, or oppressive, or fraudulent or maliciously intentional, then you may award punitive damages.

If you find that plaintiff should recover compensation for damages, and if you further find that the conduct of any defendant was malicious, willful, reckless, wanton, oppressively or in bad faith, then you may award punitive damages.

Such additional damages are awarded for the limited purposes of punishment and to deter others from the commission of like offenses.

The amount of punitive damages must be based on reason and justice taking into account all the circumstances, including the nature of the wrong and such aggravating and mitigating circumstances as may be shown. the amount awarded, if any, must be reasonably related to the actual damages and injury and not disproportionate to the circumstances.

An act or failure to act is "maliciously" done if prompted or accompanied by ill will, or spite, or grudge, either toward the plaintiff individually, or toward all persons in a group or category of which the plaintiff is a member.

An act or failure to act is "wantonly" done if done in reckless disregard of or indifference to, the rights of one or more persons, including the plaintiff.

An act or failure to act is "oppressively" done if done in a way or manner which injures, damages or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, or disability, or misfortune of another person.

10.     Nominal Damages

Plaintiffs seek nominal damages on their claim that the defendant denied and/or delayed them their First Amendment right to practice their religion.

If you find in the plaintiffs favor on this claim, you may award the plaintiffs a nominal amount of actual damages for this injury. If you find that an award of punitive damages for this conduct is justified under these instructions, you may award the plaintiffs punitive damages in such amount as you deem appropriate.

V.      Proposed Verdict Form

1. Do you find that the defendant Steven Duxbury violated the plaintiff Matthew Giorgio's First Amendment right to religious worship by denying him the right to engage in smudging rituals?

2. If the answer is yes, in what amount do you award Matthew Giorgio in compensatory damages?

 _____

3. If the answer is yes, in what amount do you award Matthew Giorgio in punitive damages?

 _____

4. If the answer is yes, in what amount do you award Matthew Giorgio in nominal damages?

 _____

5. Do you find that the defendant Steven Duxbury violated the plaintiff Colin Traver's First Amendment right to religious worship by denying him the right to engage in smudging rituals?

6. If the answer is yes, in what amount do you award Colin Traver in compensatory damages?

_____

7. If the answer is yes, in what amount do you award Colin Traver in punitive damages?

_____

8. If the answer is yes, in what amount do you award Colin Traver in nominal damages?

_____

Respectfully Submitted
The Plaintiffs'
By Their Attorney

/s/ Edward J. McCormick, III
Edward J. McCormick, III
195 Main Street
Franklin, MA 02038
(508)520-0333
BBO # 329780

CERTIFICATE OF SERVICE

       I, Edward J. McCormick III, certify that the above document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be served upon any party or counsel of record who is not a registered participant of the Court's ECF system upon notification by the Court of those individuals who will not be served electronically.