UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                              )
MATTHEW GIORGIO and           )
COLIN TRAVER,                 )
                              )
        Plaintiffs,           )
                              )
v.                            )          Civil Action No. 12-11171-LTS
                              )
STEVEN DUXBURY,               )
                              )
        Defendant.            )
_____)

ORDER ON FEES AND INTEREST

July 25, 2016

SOROKIN, J.

        Pursuant to 42 U.S.C. § 1988 and Rule 54 of the Federal Rules of Civil Procedure,

Plaintiffs seek attorneys' fees and costs in the amount of $201,981.00, plus post-judgment

interest.[1] Doc. 215. Plaintiffs also move for pre-judgment interest. Doc. 214. For the following

reasons Plaintiffs' Renewed Motion for Attorneys' Fees and Costs, Doc. 215, is ALLOWED IN

PART. Plaintiffs' Motion for Prejudgment Interest, Doc. 214, is DENIED.

I.      Background

        Plaintiffs won this case at trial.[2]  The view of the facts that prevailed vindicated a

substantial constitutional interest -- the right of an incarcerated inmate to practice his religion and

_____

[1] Specifically, Plaintiffs ask for 486 hours at the rate of $400 per hour for Attorney McCormick,
III, and 20 hours at the rate of $275 for Attorney Maitland, for a total of $199,900, plus $2,081 in
costs.
[2] For purposes of this motion, familiarity with the record is assumed.

to do so free from the threat of the imposition of burdens or punishment for doing so.[3] That the jury found in favor of Plaintiffs is unsurprising.  Among other points, Plaintiffs' testimony and the evidence plainly established that: (1) Plaintiffs requested in writing the ability to smudge; (2) Plaintiffs later filed grievances seeking the right to smudge; (3) smudging is a permitted and recognized religious practice under DOC rules as well as a matter of federal constitutional law; (4) Defendant possessed, but never provided the smudging materials to Plaintiffs; and (5) no DOC official (i.e., neither defendant nor anyone else) ever informed Plaintiffs of the unidentified, unmarked, but apparently designated location for smudging.  The jury awarded $50,001.00 in favor of Mr. Giorgio and $50,000.00 in favor of Mr. Traver, for compensatory damages and $500,000.00 as punitive damages to be shared by Mr. Giorgio and Mr. Traver. The Court entered Judgment in these amounts. Doc. 111. Thereafter, and subsequent to the filing of additional motions and mediation, the parties requested that the Court vacate that part of the judgment awarding punitive damages ($500,000), Doc. 208, which the Court did.  Accordingly, an Amended Judgment was entered on March 23, 2016. Doc. 209.  Now before the Court is Plaintiffs' renewed Motion for Attorneys' Fees, as well as Plaintiffs' Motion Awarding Pre-Judgment Interest. Docs. 21 and 215.

As a threshold matter, the Court notes that Defendant has not opposed the fee request. The Department of Correction ("DOC") is not a party to this litigation and has not sought to intervene, but has filed an opposition. Doc. 219. Although DOC is a non-party in all respects, the Court has reviewed DOC's opposition. The Court has undertaken its own independent review of

---

[3] There was another view of the facts, a view advanced at some points throughout this case by the defense. Under this view of the facts, Plaintiffs failure to engage in the religious rite at issue in this case -- smudging -- arose from the Plaintiffs' own failures to follow up on their request to smudge. The jury rejected this view.

the fee request to ensure it is "reasonable," including consideration of the "lodestar method,"

Matalon v. Hynnes, 806 F.3d 627, 638 (1st Cir. 2015).

II.     Pertinent Considerations

The Court finds the following pertinent as it relates to the instant motion.

First, Plaintiffs are not entitled to pre-judgment interest where they did not submit the

question of pre-judgment interest to the jury. Cordero v. De Jesus-Mendez, 922 F.2d 11, 14 (1st

Cir. 1990) ("The substantive obstacle to an award of prejudgment interest is insurmountable.

Plaintiffs did not, in either trial, request that the question of prejudgment interest be submitted to

the jury; nor did they ask for a jury instruction on it.").

Second, Plaintiffs request $145,541.00 in attorney fees and costs incurred up to entry of

the original judgment in this case. Doc. 215 at 2. The time records submitted by counsel in this

case, albeit a bit sparse, are nonetheless sufficient to support the requests in terms of allowing the

Court to analyze the reasonableness of the fee request.

Third, the rate for counsel is determined by reference to the rates "prevailing in the

community for similar services by lawyers of reasonably comparable skill, experience and

reputation."  Blum v. Stenson, 465 U.S. 886, 896 (1984); Torres-Rivera v. O'Neill-Cancel, 524

F.3d 331, 336 (1st Cir. 2008).  Counsel has supported his application with affidavits from two

attorneys, a detailed affidavit from an attorney experienced in defending civil rights cases and a

brief affidavit from a plaintiffs' attorney stating that the hourly rate of $400 is acceptable given

the experience and level of skill demonstrated by Plaintiffs' counsel, citing this Court's decision

in Matalon, 806 F.3d at 638 ($400 an hour approved). The Court finds that the appropriate rate is

$350 per hour. The Court recognizes it awarded a higher rate in Matalon, however, that case

presented legal and factual issues of substantially greater complexity than the instant case.

Nothing about the Court's determination reflects adversely on Plaintiff's counsel who litigated the case vigorously but with focus, skill and parsimony, especially at the trial.

Fourth, in preparation for the filing of the Complaint, the time records submitted show an entry which states: "Legal Research Relative To Civil Rights Actions and Validity of Causes of Action Regarding Native American Religious Services v. Security Concerns, Requests etc." Doc. 215-2. This same entry was listed for eleven different days, for a total of 42.5 hours. The entries are repetitive and do nothing to inform the Court of the specific nature of the research or need for this amount of research in order to draft a complaint on a relatively narrow issue. Moreover, the need to research at this stage of the litigation is at least partly to ensure that the claims, if brought, would be able to withstand a motion to dismiss. Defendants brought a Motion to Dismiss and counsel spent an additional 26 hours preparing the opposition. The Court dismissed four out of the six named defendants. These hours (42.5 and 26), which both related to the sufficiency of the Complaint, are excessive given the level of success of Defendants' motion. In light of the foregoing considerations, a reduction of 33% (22.61 hours) is appropriate. See Andrade v. Jamestown Housing Auth., 82 F.3d 1179, 1191 (1st Cir. 1996) (reduction of lodestar based on level of success). Thus, counsel should be awarded for 45.89 hours and not for the 68.5 hours requested (a reduction of 22.61 hours). Finally, counsel spent 3.5 hours amending the Complaint to add a Religious Land Use and Institutionalized Persons Act ("RLUIPA") claim that failed as a matter of law at the summary judgment stage. See Doc. 215-2 at 5. This amount should not be compensated.

Fifth, on summary judgment, the Court rejected Plaintiffs' claims as they related to "prayer feathers," "off-site pow-wows," and "sweat lodge ceremonies," as well as their claim for violation of RLUIPA. Doc. 90. The remaining claim related only to Plaintiffs' denial of their

right to smudge.  The Court then denied Plaintiffs' Cross Motion for Summary Judgment, which

related only to the smudging issue, finding that the issue presented disputed issues of fact. Doc.

90. The time records reflect that counsel spent 62 hours in connection with work on the summary

judgment motions. Doc. 215-2 at 8-10.  Most of counsel's summary judgment briefing was

unsuccessful. Thus the Court finds that a 50% reduction in the 62 hours claimed is appropriate.

See Andrade, 82 F.3d at 1191.  Accordingly, Plaintiffs may recover for 31 hours rather than the

62 hours requested in connection with the motions for summary judgment (a reduction of 31

hours).

Sixth, the Court considers the issue of counsel's failure to distinguish between core and

non-core work. This distinction is not required under the case law, Matalon, 806 F.3d at 638, and

it is neither necessary nor reasonable in this case.  The administrative or non-core work was

fairly limited as this was not a "paper" case involving large amounts of non-core work.  And,

Plaintiffs' counsel represents that he excluded entirely from his fee request "time spent on

telephone calls," Doc. 215-1 at 4, and included "little to no administrative work." Doc. 223 at 4.

Seventh, there were substantial post-verdict motions filed by the Defendant, Docs. 128

and 154, work for which Plaintiffs seek $56,440 (i.e., 141.1 hours at the proposed rate of $400

per hour).  Doc. 215-3 at 5.  At first blush, this amount might seem excessive in relation to the

amount of fees up to and through the verdict.  However, the record demonstrates that substantial

work was required in response to significant issues raised in the Defendant's initial post-verdict

motion, and his supplemental post-verdict motion (raising different issues and filed by different

counsel), which included challenges based upon asserted jury misconduct, qualified immunity,

and remittitur. Notably, the supplemental post-verdict motion, Doc. 154, was necessary because

DOC legal counsel (provided to the Defendant), withdrew from the case citing the appearance of

a conflict of interest. Doc. 151. This in turn raised significant issues for new counsel as to whether the Defendant was represented fairly—to which Plaintiffs were required to respond or risk having the judgment vacated. Under these circumstances, it is expected that counsel would spend considerable time and effort opposing the two sets of post-verdict filings. Plaintiffs prevailed on these motions. The post-trial motions also challenged the punitive damage award, which the parties (i.e., the Defendant and Plaintiffs) ultimately resolved by agreement, resulting in a revised judgment which did not include any punitive damage award.  In reviewing counsel's bills, and considering the issues before the Court, I find a reduction of only 5% of the total post-trial hours is warranted due to the punitive damages issue. Therefore, the Court reduces the claimed post-trial hours from 141.1 hours to 134.1 hours (a reduction of 7 hours).

Finally, included in the fee request were hours billed by counsel's second chair at trial -- 20 hours at the rate of $275. The Court finds both the hours and the rate to be reasonable. For ease of analysis these hours are converted to 15.71 hours at the $350 per hour rate awarded for Attorney McCormack's time.

<u>CONCLUSION</u>

For the reasons set forth herein Plaintiffs' Motion for Attorneys' Fees and Costs, Doc. 215, is ALLOWED IN PART.  Plaintiffs request fees for a total of 506 hours of work, but the Court finds fees are only warranted for 437.6 hours.[4]  The Court finds further that a rate of $350 per hour is warranted.  Thus, given the number of hours (437.6), the rate per hour ($350), and the

---

[4] As the Court has explained, it subtracts from Plaintiffs' request:  (1) 14.03 hours for research in drafting the Complaint; (2) 8.58 hours for preparing the opposition to Defendant's Motion to Dismiss; (3) 3.5 hours for amending the Complaint to include a RLUIPA claim; (4) 31 hours for work related to the motions for summary judgment; (5) 7 hours for post-verdict motions; and (6) 4.29 hours for associate conversion (albeit at a higher rate than the one Plaintiffs request, such that there is no effect on the amount of fees awarded).

additional costs ($2,081), the Court hereby enters judgment awarding Plaintiffs' attorneys' fees and costs in the amount of **$155,241.00**.  Post-judgment interest is also awarded according to the applicable federal rate from the date of entry of judgment until the date of payment.[5] The Motion for Prejudgment Interest, Doc. 214, is DENIED.

SO ORDERED.

 /s/ Leo T. Sorokin

Leo T. Sorokin
United States District Judge

---

[5] See McDonough v. City of Quincy, 353 F. Supp. 2d 179, 192 (D. Mass. 2005).